DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | CASE NO. 1:07-CR-00142 |
| Plaintiff-Respondent, | ) | 1:10-CV-00813 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Willie J. Kemp, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

On April 19, 2010, Willie J. Kemp ("Kemp") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 94.) The government filed a response in opposition to Kemp's motion on June 21, 2010. (Doc. 98.) Based upon the discussion that follows, Kemp's motion to vacate, set aside, or correct sentence is DENIED.

**I. Background**

The Cleveland Police Department arrested Kemp on March 2, 2007, (Doc. 94 at 1), and, on March 7, 2007, a federal grand jury indicted him, as one who had been convicted of a crime punishable by imprisonment for a term exceeding one year in possession of a firearm in or affecting interstate commerce, on one count in violation of 18 U.S.C. § 922(g)(1). (Doc. 98 at 2.) On November 27, 2007, the United States Attorney filed a Supplemental Information charging Kemp with one count of possessing a stolen firearm that had been shipped or transported in interstate commerce, in violation of 18 U.S.C. § 922(j). (*Id.*) Kemp entered a guilty plea to this count, and the Court sentenced him to 84 months in prison followed by three years of supervised release. (*Id.*) Kemp appealed this sentence on the ground that the Court erred

in denying his motion to suppress evidence, but the Sixth Circuit granted the government's motion to dismiss the appeal on the ground that Kemp failed to preserve his right to appeal the suppression issue. (*Id.*) Without a claim to appeal directly, Kemp now pursues this collateral attack on his sentence through § 2255.

**II. Analysis**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner may move the court that imposed the sentence to vacate, set aside, or correct the sentence if (1) the court imposed the sentence in violation of the Constitution or federal law, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeded the maximum that the law allows, or (4) the sentence is otherwise subject to collateral attack. A defendant's claim that his counsel violated the Sixth Amendment's Counsel Clause is appropriate under § 2255 as a collateral attack on the defendant's sentence. *United States v. Wells*, 100 Fed. Appx. 440, 448 (6th Cir. 2004).

The Sixth Amendment's Counsel Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy . . . the Assistance of Counsel for his defense." U.S. Const. amend VI. The purpose of the Counsel Clause, and the Sixth Amendment in general, is to protect the defendant's right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684-85, 104 S. Ct. 2052, 2063 (1984). The assistance of counsel advances this interest because "access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution.'" *Id.* at 685, 104 S. Ct. at 2063 (quoting *Adams v. United States ex. rel McCann*, 317 U.S. 269, 275-76, 63 S. Ct. 236, 240 (1942)). In order to ensure that defendant's counsel fulfills this role, rather than merely being "a person who happens to be a lawyer . . . at trial

2

alongside the accused," *id.*, the Supreme Court has interpreted the Counsel Clause to guarantee "the effective assistance of counsel." *Id* at 686, 104 S. Ct at 2063 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 n.14)

Two general situations can result in a violation of the defendant's right to the effective assistance of counsel. First, the government can interfere "with the ability of the defendant's counsel to make independent decisions about how to conduct the defense." *Id.* at 686, 104 S. Ct. at 2063. Second, the defendant's counsel can "fail[] to render 'adequate legal assistance,'" *id.* at 686, 104 S. Ct. at 2064 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716 (1980)), resulting in "actual ineffectiveness." *Id.* Counsel's performance is "actually ineffective" when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* To make this showing, the defendant must demonstrate that counsel's performance was deficient and that such performance prejudiced the defense. *Id.*

In order for a court to deem counsel's performance deficient for the purpose of proving ineffective assistance of counsel, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," by "identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 688, 690, 104 S. Ct at 2064, 2066. Because "[n]o particular set of detailed rules may satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant," courts "must be highly deferential" in evaluating counsel's performance, operating under "a strong presumption

3

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-90, 104 S. Ct. at 2065-66.

Kemp argues that his counsel's performance was deficient in that his attorney did not recognize and challenge five issues: (1) the government's failure to initiate his prosecution with a criminal complaint, (2) the absence of United States Attorney's legal power to represent the United States of America in a criminal action before a United States District Court, (3) the United States District Court's lack of statutory authority in accordance with Article III of the Constitution, (4) the Constitutional invalidity of the statute and subsections under which he was indicted and convicted, and (5) the Court's errors in calculating his advisory sentencing guidelines. (Doc. 94 at 2-8).

**A. Criminal Complaint Requirement**

Without citing any authority to support his argument, Kemp's first contention is that all federal criminal prosecutions begin with an affidavit of criminal complaint in accordance with Rule 3 of the Federal Rules of Criminal Procedure. (Doc. 1 at 2.) In response, the government points out that Kemp's prosecution began with a grand jury indictment pursuant to Rule 7 of the Federal Rules of Criminal Procedure, which led to his arrest under Rule 9. (Doc. 98 at 6.) Rule 9(a) of the Federal Rules of Criminal Procedure states that "[t]he court must issue a warrant . . . for each defendant named in an indictment." Therefore, the warrant for Kemp's arrest that proceeded from the grand jury's indictment is in keeping with the Federal Rules of Criminal Procedure even though Kemp's prosecution did not involve Rule 3 complaint.

**B. Power of United States Attorney**

Second, Kemp claims that the United States Attorney does not have the statutory authority to commence a criminal action or to represent the United States of America. (Doc. 94 at 3.) To support this assertion, Kemp refers to 28 U.S.C. § 547 and argues that the text of the statute does not grant the United States Attorney the power to prosecute criminal actions and that the "United States" to which § 547 refers is some entity other than the United States of America. (*Id* at 3-4). Kemp's argument does not recognize the fact that § 547 assigns the United States Attorney the responsibility to "prosecute for all offenses against the United States," which clearly conveys the office with the power to commence criminal actions for violations of federal law. Furthermore, Kemp does not cite any authority that demonstrates that the "United States" and the "United States of America" are different entities. The government's response to Kemp's motion cites *United States v. Mosher*, Nos. 1:07-cr-67, 1:07-cr-86, 2009 WL 1994184, at \*5 (W.D. Mich. July 7, 2009), *United States v. Wacker*, 173 F.3d 865, No. 98-3267, 1999 WL 176171, at \*2 (10th C ir. 1999), and *Csikortos v. United States*, No. 7:07cv00476, 2007 WL 4210480, at \*2 (W.D. Va. Nov. 27, 2007), all of which support the proposition that there is no material difference between the terms and that Kemp's claim is "ludicrous" and "fanciful." *Wacker*, 1999 WL 176171, at \*2.

**C. Legitimacy of United States District Courts**

Kemp's third contention is that United States District Courts are not "true" Article III courts and do not possess judicial powers sufficient to adjudicate Kemp's case. (Doc. 94 at 4-5). To establish this claim, Kemp cites, out of context, a 1912 Supreme Court case, *Balzac v. Porto Rico*, 258 U.S. 298, 312, 42 S. Ct. 343, 348 (1921), which did not in fact, question the

jurisdiction of district courts, but rather that of the territorial courts of Puerto Rico. As the government indicates in its brief in opposition to Kemp's motion, 18 U.S.C. § 3231, which states that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." As § 922(g)(1) and § 922(j) are federal laws, § 3231 provides the statutory authority for the Court's adjudicatory power over Kemp's case in accordance with Article III of the Constitution.

**D. Validity of 18 U.S.C. 922(j)**

Kemp also claims that the statute under which the Court convicted him does not have the requisite nexus with interstate commerce to make it a valid exercise of Congress's Commerce Power. (Doc. 94 at 6.) According to Kemp, the "subsection possess[es] no language [that] could be construed as incorporating a commerce nexus." (*Id.*). Section 922(j), to which Kemp pled guilty, states:

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, *which is moving as, which is part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen*, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j) (emphasis added). The language of this provision contains a requirement that the stolen firearm have a nexus with interstate commerce, and courts have found it to be a valid exercise of Congress's power to regulate commerce among the states in accordance with the Commerce Clause. *See United States v. Pritchett*, 327 F.3d 1183, 1186 (11th Cir. 2003); *United States v. Luna*, 165 F.3d 316, 322 (5th Cir. 1999).

**E. Application of United States Sentencing Guidelines**

Kemp's final argument is that the Court made two errors resulting in the improper application of the United States Sentencing Guidelines. First, Kemp contends that the note to U.S.S.G. § 2K2.1(b)(4)(A) instructs the Court that the enhancement that the provision recommends does not apply where the only applicable offense is 18 U.S.C. § 922(j). (Doc. 94 at 8.) Note 8(a) does, in fact, contain this language, however, it applies only when the Court calculates the base offense level under U.S.S.G. § 2K2.1(a)(7), not, as in Kemp's Revised Presentence Report, when U.S.S.G. § 2K2.1(a)(2) forms the basis for the determination of the base offense level. *See United States v. Raleigh*, 278 F.3d 563, 567 (6th Cir. 2002). Since the Court did not derive Kemp's base offense level from U.S.S.G. § 2K2.1(a)(7), the note to § 2K2.1(b)(4)(A) on which Kemp bases his claim does not apply and the Court did not err in enhancing Kemp's sentence under § 2K2.1(b)(4)(A).

Kemp also claims that the Court erred in calculating the advisory sentencing guidelines in his case by improperly determining his criminal history category. Kemp asserts that the Court should have counted the sentences mentioned in paragraphs 27 and 28 of the Revised Presentence Report as a single sentence in light of the provision in U.S.S.G. § 4A1.2(a)(2) that states that "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentence resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day."[1] (Doc. 94 at 8.) Again here, Kemp has overlooked an

---

[1] As the government indicates in its response, Kemp's motion suggests that the Court erred in treating paragraphs 27 and 28 as separate sentences and, later in the same paragraph, then refers to paragraphs 28 and 29 as the source of the alleged error. (Doc. 94 at 8.) Since the thrust of Kemp's argument is that sentences imposed on the same day should be counted as a

(continued...)

important provision of the statute. Section 4A1.2 also states that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." Kemp was arrested on the charge in paragraph 27 on December 1, 1992 and not until March 23, 1993 on the charge in paragraph 28. Kemp has not offered any evidence to demonstrate that his joint sentencing did not involve offenses in which there was an intervening arrest. This alone defeats Kemp's argument. Additionally, the Court accepts the government's position that even if there were no intervening arrest, the Court's calculation of Kemp's criminal history category would still be correct because U.S.S.G. § 4A1.1(f) mandates that Kemp's sentence for Aggravated Arson and Attempted Aggravated Robbery, as a crime of violence, add an additional point to his criminal history category calculation if the Court combines it with another sentence. Therefore, with either 10 or 12 points, Kemp's criminal history would fall under Category V.

### F. Application of the *Strickland* Standard

Since meeting the *Strickland* standard for ineffective assistance of counsel first requires that Kemp demonstrate that his attorney's performance was deficient, Kemp must, as a threshold issue, establish that there were legitimate challenges related to his conviction that his counsel neglected to raise. He has failed to do so with respect to each of his five arguments: (1) there is no statutory or Constitutional requirement that all federal prosecutions must begin with a criminal complaint; (2) the United States Attorney has the authority to prosecute criminal actions

---

[1](...continued)
single sentence and paragraphs 28 and 29 describe sentencing that occurred on two different occasions, the Court will presume that Kemp's claim refers to the Court's treatment of paragraphs 27 and 28 of the Revised Presentence Report , which refer to counts for which Kemp was sentenced on May 12, 1994.

on behalf of the United States of America; (3) United States District Courts are true Article III courts; (4) 18 U.S.C. § 922(j) requires a nexus with interstate commerce and is valid exercise of Congress's Commerce Power; and (5) the Court did not err in enhancing Kemp's sentence under U.S.S.G. § 2K2.1(b)(4)(A) or in calculating his criminal history category.

### III. Conclusion

The Court cannot find that Kemp's counsel's failure to press any of issues that Kemp raises in his § 2255 motion fell below an objective standard of reasonableness. None of the claims that Kemp contends his attorney should have made are, in themselves, reasonable. Since Kemp has not shown that his attorney's performance was deficient, he is unable to show that he is the victim of a Counsel Clause violation. For these reasons, the Court denies Kemp's motion to vacate his sentence pursuant to § 2255.

IT IS SO ORDERED.

| | |
|---|---|
| July 7, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |