DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Willie J. Kemp, | ) | |
| | ) | CASE NO. 1:07 CR 142 |
| Petitioner-Defendant, | ) | (Civil Case No. 1:10 CV 813) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

On July 7, 2010, the Court filed a nine-page Memorandum Opinion (Doc. 99) denying the April 19, 2010 motion of the petitioner to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 94). The petitioner has now filed a motion to reconsider his § 2255 petition for the following reasons:

> On April 15, 2010 Petitioner mailed a copy of his petition to the United States Attorneys [sic] Office by certified mail No. 70070710000002545334. Petitioner moved on good faith to notify the government of his filing os said 2255 petition.
>
> 2) On June 14, 2010 Petitioner filed a status on his 2255 petition because he had not heard anything from the court, ordering the government to show cause.
>
> (3) On July 8, 2010 Petitioner mailed a petition to this Honorable Court requesting an order to show cause pursuant to Title 28 U.S.C. §2243. Subsequently, on July 12, 2010 at 4PM Petitioner received by regular mail a Judgment entry by the court denying Petitioner 2255 petition.
>
> Petitioner was not privy to the court ordering the government to show cause on April 21, 2010. Nor was petitioner privy to the government response on June 21, 2010. Petitioner relied upon silence from the court and respondant(s) [sic] when he filed "Status of 2255, on June 14, 2010. Petitioner requested a copy of a current docket sheet, which was not provided. Had petitioner upon

(1:07 CR 142 and
Civil Case No. 1:10 CV 813)

> filing a status, received a current docket sheet he would of known that proceedings were being held in ex parte.
>
> Petitioner was denied fairness of the proceedings by not being properly notified of all activities and filings in this pending case.

In support of his motion to reconsider, the petitioner filed a massive series of documents with the following conclusion:

> CONCLUSION
>
> In conclusion, the Petitioner asserts that any Attorney, with any amount of due diligence, could have discovered the issues raised herein. Even should this Court opt not to attribute this failure to Counsel, the Petitioner further asserts that he is allowed to challenge jurisdiction even after conviction and execution of judgment by way of Habeas Corpus, U.S. v. Anderson, 60 F. Supp. 649 (D.C.Wash. 1945).
>
> It is abundantly clear that the United States District Court in several states are tribunals inferior to the supreme [ sic] Court of the United States. A United States District Court is a tribunal created "by Congress under the power given Congress by Article I, Section 8, Clause 9 of the United States Constitution" which provides that Congress shall have the power "To constitute Tribunals inferior to the supreme [sic] Court." Eastern Metals Corporation v. Martin, 191 F.Supp.245(1960, See Also, Romero v. International terminal Operating Co., 358 U.S. 354, 79 S.CT. 468, 3 L.Ed.368. The creation and composition of the United States Distirct [sic] Courts is presently st forth in Title 28 U.S.C. §132. A United States District Court has only such jurisdiction as the Congress confers upon the Court [sic]
>
> The general "jurisdiction" of the United States District Courts is set forth in Title 28 U.S.C. Chap.85 (§§1331-1360) Chapter 85 beginning at Action against foreign states, (§1330) federal questions, (§1331) and so on through §1369 lists all of the matters in which the District Court has jurisdiction and <u>not once</u> is Criminal Jurisdiction named, alluded to or included. It is axiomatic the district Courts are the tribunals of the Judiciary Act

> of 1789 and are very, very limited in jurusdiction [sic].
>
> The District Court is bound by the supreme law of the land, the Constitution of the United States, to declare jurisdiction before proceeding in a matter. Law is defined as "a solemn expression of the will of the supreme power of the state." The federal government has no authority to come into a State and usurp jurisdiction over any criminal matters where the State has not by its legislature surrendered said jurisdiction. Each State, under the Tenth Amendment and the Constitution as a whole maintained sovereignty over its Citizens and its soil.
>
> Because the federal government has overstepped its boundaries, has failed to establish jurisdiction, cannot go back and clairvoyantly declare that the ilegally [sic] impaneled grand jury would have found jurisdiction, because Counsel was egregiously ineffective, (Lata culpa dolo aequiparature) gross negligence is equivalent to fraud, and cause as a matter of law this Court lack subject-matter jurisdiction, the Habeas Corpus in this matter should issue.

The materials submitted by the petitioner in support of his motion to reconsider are an attempt to support his prior reasoning to the effect that this Court had no jurisdiction with respect to his prosecution which resulted in his incarceration. The Court has previously rejected that

argument and continues to reject the argument that it had no jurisdiction.

Having considered the petitioner's motion to reconsider his petition, the Court rejects the same and denies the petitioner relief and shall so state in its judgment entry.

IT IS SO ORDERED.

August 13, 2010
Date

*/s/ David D. Dowd, Jr.*
David D. Dowd, Jr.
U.S. District Judge