DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Willie J. Kemp, | ) | |
| | ) | CASE NO. 1:07 CR 142 |
| Petitioner-Defendant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I. History of the Litigation

On March 7, 2007, the petitioner was indicted in case number 1:07 CR 142 charging him as a convicted felon with knowingly possessing a firearm and ammunition which had traveled interest commerce. The date of the offense was alleged to be March 2, 2007. After conducting an evidentiary hearing on the defendant's motion to suppress, the same was denied on August 31, 2007. Subsequently, the defendant entered a plea of guilty to Count One in the Supplemental Information.

The Supplemental Information charged as follows:

> On or about the 2nd day of March, 2007, in the Northern District of Ohio, Eastern Division, WILLIE J. KEMP, the defendant herein, did knowingly possess a firearm that had been transported in interstate commerce, to wit, a Smith & Wesson, Model 637-2, .38 caliber revolver, serial number DAE4647, knowing and having reasonable cause to believe that the firearm was stolen.

All in violation of Title 18, United States Code, Section 922(j).

On November 27, 2007, the defendant waived prosecution by Indictment and entered a plea of guilty to Count One of the Supplemental Information.

(1:07 CR 142 and
 1:10 CV 1772)

While the petitioner was awaiting sentencing, the Court modified the order of pretrial detention and the petitioner was granted the opportunity to be released to the custody of his mother from December 19, 2007 to January 14, 2008.

On February 28 2008, the petitioner was sentenced to the Bureau of Prisons for a period of 84 months.

Subsequently, the petitioner filed an appeal with the Sixth Circuit.  On May 6, 2009, the Sixth Circuit granted the government's motion to dismiss the petitioner's direct appeal.

On April 19, 2010, the petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  On July 7, 2010, the Court denied the petitioner's motion to vacate his sentence.  Doc. 99.  On August 11, 2010, the petitioner filed a motion to vacate the Court's ruling denying his motion to vacate under 28 U.S.C. § 2255.  The Court denied the motion for reconsideration on August 13, 2010.  Docs. 103 and 104.

On August 11, 2010, a new case was docketed in which the petitioner is labeled as the "petitioner" and the first paragraph of the petition states:

> COMES NOW, Willie James Kemp (hereafter "Petitioner"). Sovereign Human Being, by Special Visitation, and respectfully challenges the subject matter jurisdiction and territorial jurisdiction of this Court, also, Petitioner demands a trial by jury of his peers to heard [sic] and decide the Constitutional issues raised in this Writ of Habeas Corpus (hereafter "Writ).  This Writ is not be construed by this Court to be anything other than what it is.  It is NOT a sucessive [sic] Title 28 USC §2255, or a 2241 of the same Title.  <u>It is a Constitutional Writ of Habeas Corpus pursuant to United States Constitution article I, §9, cl.2 and Northwest Ordinance (hereafter "NWO"), Article II.  Petitioner avers that based upon the unconstitutionality of the Statutes herein drawn into question and the lack of jurisdiction, he was sentenced upon "NO LAW" and is thus entitled to immediate release from unlawful imprisonment:.</u>  (Emphasis added).

(1:07 CR 142 and
1:10 CV 1772)

## II. Does The Court Have Jurisdiction?

The petitioner appears to claim that this Court lacks jurisdiction in connection with the petitioner's previous conviction and sentence. The question that the new petitioner raises is whether the Court has jurisdiction to entertain the petitioner's claim that this action is a new lawsuit based upon the petitioner's right to a constitutional writ of habeas corpus, but not within the provisions of 28 U.S.C. § 2255 or 28 U.S.C. § 2241.

In the Court's view, district Court Judge Edgar, sitting in the Eastern District of Tennessee, has been confronted with a petition similar to the most recent effort of the petitioner as outlined above.

*See United States of America v. Michael Joseph Kirkpatrick*, 209 WL 2823658 (D. Tenn.), a copy of which is attached hereto as Appendix I.

Judge Edgar found that the attempt by a federal prisoner to seek relief outside the provisions of 28 U.S.C. § 2255 and § 2241 did not confer jurisdiction upon the court and Judge Edgar dismissed for want of jurisdiction the action of Kirkpatrick.

The Court adopts the reasoning of Judge Edgar, and as a consequence, will dismiss the latest effort of the petitioner. However, the Court reminds the petitioner that before he can file a

(1:07 CR 142 and
 1:10 CV 1772)

second or successive § 2255 motion, he is required by 28 U.S.C. §§ 2244(b)(3) and 2255(h) to

obtain authorization from the Sixth Circuit Court of Appeals.


  August 19, 2010                    /s/ David D. Dowd, Jr.
Date                                David D. Dowd, Jr.
                                    U.S. District Judge